FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 9:43 am, Dec 01, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JERRA QUANTUAY BROWN,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES MARSHALL,<br><br>         Defendant. | CIVIL ACTION NO.: 5:19-cv-37 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff asserts a claim against Defendant Marshall for excessive force, in violation of his Eighth Amendment rights. Doc. 1 at 3. Plaintiff was at "pill call" receiving his medication when Defendant Marshall grabbed Plaintiff by his neck and attempted to slam him into a brick

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

wall. Id. Plaintiff also filed a grievance relating to the same incident, but at the time of filing his Complaint, the outcome of that grievance was pending. Id. at 2.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.      Whether Plaintiff Exhausted Available Administrative Remedies**

Under the Prison Litigation Reform Act, an incarcerated individual must exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007).  Requiring prisoners first utilize the prison's grievance policy before bringing suit "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before . . . the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006); Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Exhaustion is a mandatory requirement which cannot be waived by courts.  Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Porter v. Nussle, 534 U.S. 516, 524 (2002).  Though exhaustion is considered an affirmative defense, when the face of the pleadings clearly show the plaintiff failed to exhaust all administrative remedies, courts may dismiss the complaint sua sponte.  Jones, 549 U.S. at 214–16; Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Malcolm v. Doe, No. 6:18-CV-24, 2018 WL 2108108, at *4 (S.D. Ga. Mar. 19, 2018); Ansell v. Crews, No. 4:13CV454, 2014 WL 3748207, at *2 (N.D. Fla. July 30, 2014); Cole v. Ellis, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules.  Woodford, 548 U.S. at 91.  Prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels

of review that comprise the administrative grievance process.  Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson, 418 F.3d at 1157)); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement); see also Malcolm, 2018 WL 2108108, at *3 (dismissing complaint for failure to exhaust administrative remedies when prison officials never responded to the grievance and the petitioner failed to appeal the responded-to grievance after the time to respond passed); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

The policies of the particular institution determine what is necessary to fully exhaust all administrative remedies.  Jones, 549 U.S. at 218.  "Georgia's prison grievance procedures are set out in a standard operating procedure."  Whatley v. Warden (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015); see also Whatley v. Smith (Whatley II), 898 F.3d 1072, 1074 (11th Cir. 2018) ("To exhaust administrative remedies under the Georgia Department of Corrections Standard Operating Procedures ("SOP"), inmates must follow the . . . prison grievance process outlined in SOP IIB05-0001."); Turner v. Burnside, 541 F.3d 1077, 1080–81 (11th Cir. 2008).  SOP IIB05-0001 applies to all inmates in Georgia Department of Corrections' ("GDC") facilities, including Smith State Prison.  Gill v. Deal, No. 5:18-CV-50, 2018 WL 3650269, at *4 (S.D. Ga. Aug. 1, 2018).

The prisoner must file a grievance within 10 days of becoming aware of the facts from which the grievance arises.  Whatley II, 898 F.3d at 1075; Shaw v. Toole, No. 6:14-CV-48, 2015

WL 4529817, at *5 (S.D. Ga. July 27, 2015).  The grievance is screened by a grievance counselor, who determines whether to accept the grievance for processing.  Shaw v. Toole, 2015 WL 4529817, at *5.  If the grievance is accepted for processing, the warden has 40 days to review the grievance and determine whether to grant or deny the grievance.  Id.  The warden may receive a one-time, 10-day extension, but the inmate must be notified of the extension in writing before the end of the 40-day period.  Id.  If a grievance goes unanswered, the inmate may appeal the non-response after the warden's time to answer expires.  Id. ("An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or when the time allowed for the warden's decision has expired."); see also Whatley I, 802 F.3d at 1208 ("If the warden does not respond within forty days . . . the prisoner may appeal[.]"); Malcolm, 2018 WL 2108108, at *3.

Plaintiff's Complaint should be dismissed because it is apparent from the face of his Complaint he did not exhaust all available administrative remedies available to him prior to filing this lawsuit.  Though Plaintiff filed an initial grievance, Plaintiff admits he filed his Complaint while a resolution to that grievance was still pending.  Doc. 1 at 3.  Thus, Plaintiff failed to exhaust all administrative remedies prior to filing his Complaint, and his Complaint should be dismissed as a result.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

6

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA